UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
**CENTRAL DIVISION at LEXINGTON**

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| Plaintiff, ) | |
| ) | Criminal Case No. |
| v. ) | 5:20-cr-07-JMH-4 |
| ) | |
| SHABARON D. CLAY, ) | **MEMORANDUM OPINION** |
| ) | **and ORDER** |
| Defendant. ) | |

\*\*\*   \*\*\*   \*\*\*

This matter is before the Court on Defendant Shabaron Clay's Motion for Compassionate Release pursuant to 18 U.S.C. § 3582(c)(1)(A). (DE 156). On September 27, 2021, Clay entered a guilty plea to conspiring to distribute 500 grams or more of a mixture or substance containing cocaine and more than 40 grams of a mixture or substance containing fentanyl (Count 1), as well as being a convicted felon in possession of a firearm (Count 3). (DE 146). The Court sentenced Clay to a 60-month term of imprisonment to run concurrently. (*Id*. at 2). Clay is currently 45 years-old and serving his sentence at the Federal Correctional Institution (FCI) in Morgantown, West Virginia. According to the BOP inmate locator, his projected release date is June 7, 2025. He now moves the Court to modify his sentence under 18 U.S.C. § 3582(c)(1)(A), or alternatively, for home confinement. (DE 156). For the reasons set forth below, his motion is **denied.**

Page **1** of **9**

Prior to the First Step Act, PL 115-391, 132 Stat 5194 (Dec. 21, 2018), the Court could not grant a motion for compassionate release unless the director of the Bureau of Prisons (BOP) filed the motion. *See* 18 U.S.C. § 3582(c)(1)(A) (2017). The First Step Act amended § 3582(c)(1)(A) to allow the court to grant a motion for compassionate release filed by the defendant himself "after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier . . . ." 18 U.S.C. § 3582(c)(1)(A); PL 115-391, 132 Stat 5194 § 603 (Dec. 21, 2018).

The Sixth Circuit has determined that the occurrence of one of the two events mentioned in the statute is a "mandatory condition" to the Court granting compassionate release. *United States v. Alam*, 960 F.3d 831, 833 (6th Cir. 2020). If the government "properly invoke[s]" the condition, the Court must enforce it. *Id*. at 834. In this case, the United States has acknowledged that exhaustion efforts have been successful. (DE 158 at 2-3; *see* DE 156-1, Admin. Request). Accordingly, the Court finds that it has the authority to consider Clay's motion.

The compassionate release statute permits this Court to "reduce the term of imprisonment" and "impose a term of probation or supervised release with or without conditions that does not

exceed the unserved portion of the original term of imprisonment." 18 U.S.C. § 3582(c)(1)(A). Under the applicable provision of Section 3582(c)(1)(A), however, the Court may grant this relief only if it finds that "extraordinary and compelling reasons warrant such a reduction," and the "reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. 3582(c)(1)(A)(i).

The statute does not define what it means to be "extraordinary and compelling." The commentary to the policy statement by the Sentencing Commission applicable to Section 3582(c)(1)(A) provides some guidance; however, the Sixth Circuit has determined that the policy statement applies only to motions filed by the BOP and does not apply when a defendant moves for compassionate release on his own behalf. *United States v. Jones*, 980 F.3d 1098, 1108-11 (6th Cir. 2020). In such cases, district courts are no longer constrained by the reasons enumerated in §1B1.13's application note. *See id.*; *United States v. Elias*, 984 F.3d 516 (6th Cir. 2021); *see also United States v. Gunn*, 980 F.3d 1178, 1180 (7th Cir. 2020). Thus, courts need not rely on the application note as binding in its analysis; instead, a court may exercise its "*full discretion*" to determine whether the defendant has demonstrated extraordinary and compelling reasons for compassionate release, *Jones*, 980 F.3d at 1111 (emphasis added), and, if so, whether the section 3553(a)

factors weigh in favor of release. Even when the district court determines that the inmate meets the requirements, the "court 'may reduce the term of imprisonment,' but need not do so." *Elias,* 984 F.3d at 518 (quoting § 3582(c)(1)(A)). Clay bears the burden to show that he is entitled to release. *United States v. Thompson*, No. 3:17-CR-170-CHB, 2021 WL 2418573, at *3 (W.D. Ky. June 14, 2021).

Clay expresses fear of contracting COVID-19 and being susceptible to death or serious illness due to his medical conditions. As cause for concern, he cites his obesity, diabetes, hypertension, and kidney disease. (DE 156 at 3). The Government concedes that, while Clay does suffer from several medical conditions, the evidence shows that they are not terminal and have all been effectively managed and treated by the BOP. (DE 158 at 3-4). Indeed, while Clay may have certain sensitivities and be plagued by the above ailments, he does not explain how these problems would be resolved by release. *See e.g., United States v. Dusenbery*, No. 5:91-cr-291, 2019 WL 6111418, at *2 (N.D. Ohio Nov. 18, 2019) (denying compassionate release to defendant suffering from multiple conditions, including potential kidney failure, because they did not "impair his ability to provide self-care within the correctional facility."); *see also United States v. Dusenbery*, 2020 WL 7315919, at *1 (6th Cir. June 20, 2021) (affirming District Court decision to deny § 3582(c)

relief, recognizing that Defendant was "medically stable" and rejecting Defendant's alternative arguments).

Clay also expresses fear of contracting COVID-19 due to the allegedly inadequate social distancing and unsanitary conditions at his facility. (DE 156 at 4-6). Unfortunately, however, Courts have generally found that any fears from contracting the virus while incarcerated is not an "extraordinary and compelling" reason to grant compassionate release. *See United States v. Wood*, No. 2:12-cr-27-1, 2021 WL 1134772, at *5 (E.D. Tenn. Mar. 24, 2021); *United States v. Jent*, No. CR 6:13-026-DCR, 2020 WL 6829760, at *1 (E.D. Ky. Nov. 20, 2020); *see United States v. Bothra*, No. 20-1364, 2020 WL 2611545, at *2 (6th Cir. May 21, 2020) ("Courts have been reluctant to find that generalized fears of contracting COVID-19, without more, constitute a compelling reason." (citation omitted)).

Finally, Clay asserts that he has not been vaccinated against COVID-19 for fear of its reaction with his prescribed medications. (DE 156 at 1). The United States confirms that this is true. (*See* DE 158-3). Nonetheless, the Sixth Circuit has held that "a defendant's incarceration during the COVID-19 pandemic — when the defendant has access to the COVID-19 vaccine — does not present an 'extraordinary and compelling reason' warranting a sentence reduction." *United States v. Lemons*, 15 F.4th 747 (6th Cir. 2021) (quoting *United States v. Broadfield*, 5 F.4th 801, 803

(7th Cir. 2021) (Easterbrook, J.)). Thus, upon consideration, the Court finds that extraordinary and compelling reasons do **not** exist for Clay's release. While Clay does suffer from several medical conditions, he has not demonstrated (nor does he assert) that he has been unable to receive monitoring and treatment at his current facility.

The Court now considers whether "the factors set forth in section 3553(a)[,] to the extent that they are applicable[,]" support the requested sentence reduction. 18 U.S.C. § 3582(c)(1)(A); *Jones*, 980 F.3d at 1107-1108. These factors include:

> (1)  the nature and circumstances of the offense and the history and characteristics of the defendant;
> (2)  the need for the sentence imposed--
>     A.   to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
>     B.   to afford adequate deterrence to criminal conduct;
>     C.   to protect the public from further crimes of the defendant; and
>     D.   to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner; [and]
> (3)  the kinds of sentences available;

18 U.SC. § 3553(a)(1)-(3). The § 3553(a) factors also include, the "kinds of sentence and the sentencing range" established in the guidelines; "any pertinent policy statement" issued by the Sentencing Commission; "the need to avoid unwarranted sentence disparities among defendants with similar records who have been

found guilty of similar conduct"; and "the need to provide restitution to any victims of the offense. § 3553(a)(4)-(7).

The Court cannot discount the seriousness of Clay's offenses. Nor can the Court disregard his criminal history, particularly with regards to the trafficking of drugs. (PSR, ¶¶ 44-45). As seen by his current convictions, Clay has not learned from his past run-ins with the law and continues to stay heavily involved in the drug trade. (*Id.*, ¶¶ 9-17). As a convicted felon, Clay was prohibited from possessing firearms, yet both firearms and ammunition were located at his residence. (*Id.*, ¶ 16). Given the seriousness of the charged offenses, the need to deter future criminal conduct, to promote respect for the law, and to provide just punishment, the Court remains convinced that the sentence originally imposed is still "sufficient, but not greater than necessary" to comply with the purposes of § 3553(a). The Court recognizes Clay's efforts to make amends and work towards rehabilitation, however, Clay alone is responsible for the position he has placed himself in; more importantly, he is responsible for the hardship he has placed on society.

Lastly, the Court denies Clay's alternative request to serve the remainder of his sentence under home confinement. First, the Court does so, because it lacks the authority to consider Clay's request as that decision rests solely with the BOP. *See* 18 U.S.C. § 3624(c)(2); *United States v. McCann*, No. 5:13-cr-52-KKC, 2020 WL

1901089, at *3 (E.D. Ky. Apr. 17, 2020)]. Notwithstanding, while true, the Sixth Circuit has noted that, if a district court reduces a term of imprisonment under § 3582(c)(1)(A) to time served, it may "impose a term of supervised release equal to the unserved time and order, as a condition of supervised release, that the defendant be confined to his home." *See United States v. Spencer*, No. 20-3721, 2020 WL 5498932, at *2 (6th Cir. Sept. 2, 2020) (citing 18 U.S.C. § 3853(d); U.S.S.G. § 5F1.2). In other words, "with a few extra steps, a district court can 'craft a reduced sentence that, for all practical purposes, looks very much like ordering that [the defendant] be allowed to spend the remainder of his current sentence on home confinement.'" *Id*. (quoting *United States v. Murphy*, No. 15-20411, 2020 WL 2507619, at *4 (E.D. Mich. May 15, 2020)).

However, here, the Court will not craft this alternative remedy for Clay, as "doing so still requires the district court to reduce the defendant's current custodial sentence to time served, which it can do only if it finds that the defendant meets the criteria set forth in § 3582(c)(1)(A) . . . ." *Id*. Because the Court finds that a sentence reduction is **not** appropriate under 18 U.S.C. § 3582(c)(1)(A), as stated above, the Court denies Clay's home-confinement request.

The Court finds that Clay has not demonstrated that extraordinary and compelling reasons exist for his early release

or that the sentencing factors contained in 18 U.S.C. § 3553(a) support a reduction of his sentence pursuant to 18 U.S.C. § 3582(c)(1)(A). Accordingly,

IT IS HEREBY ORDERED that Shabaron D. Clay's motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A) (DE 156) is DENIED.

This the 15th day of April, 2022.



Signed By:
*Joseph M. Hood*
Senior U.S. District Judge